UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON LEE LORENZ,<br><br>                Plaintiff,<br><br>v.<br><br>THE CITY OF COEUR D'ALENE, et al<br><br>                Defendant. | Case No. 2:09-CV-405-EJL<br><br>**MEMORANDUM ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendants City of Coeur d'Alene Police Chief Wayne Longo, City of Coeur d'Alene, Officer Gregory Moore, and Officer Tim Hanna's Motion for Summary Judgment. (Collectively referred to as "Defendants") (Mot. for Summ. J., Dkt. 18.) The motion is made pursuant to Federal Rule of Civil Procedure 56. The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately represented in the briefs and record. Accordingly, and in the interest of avoiding further delay, and because the Court conclusively finds that the decisional

process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this action alleges violations of 42 U.S.C. § 1983 in connection with the arrest, incarceration, and prosecution of Jason Lee Lorenz ("Lorenz") by the Defendants. It is undisputed that on March 14, 2009 Karen Lorenz ("Ms. Lorenz"), Lorenz's ex-wife, invited Lorenz over to her house for dinner. (Pl.'s Separate Statement of Undisputed Material Facts in Opp. to Defs.' Mot. for Summ. J. at 3, Dkt. 28.) The meeting was ostensibly for the purpose of discussing their relationship, and both soon began to consume alcohol. *Id.* at 4. The pair grew more intimate and went to Ms. Lorenz' bedroom for the purpose of sexual intercourse. *Id.* However, sexual intercourse did not take place. (Compl. and Demand for Jury Trial at 2, Dkt. 1.)

An argument arose between Lorenz and Ms. Lorenz which resulted in Lorenz returning to the house and passing out while Ms. Lorenz went to the garage. (Pl.'s Separate Statement at 4.) Ms. Lorenz placed a call to 911 from the garage. Once police officers arrived Ms. Lorenz told them that she had been arguing with Lorenz about their relationship. *Id.* She further stated that she had allowed Lorenz to sleep on the couch given his state of intoxication. *Id.* Ms. Lorenz claimed that Lorenz followed her into her bedroom and attempted to remove her clothing and have sexual intercourse with her. *Id.* She claimed that she repeatedly told Lorenz "no" and that she had to fight him off in order to escape to the garage and call police. *Id.* at 5. After calling the police Ms. Lorenz

ORDER - 2

stated that she had searched through Lorenz' things after he had passed out under the kitchen table. *Id.* She discovered a knife in his backpack. *Id.* When questioned by police Lorenz stated that they had only been making out on the bed and that he had stopped when asked. *Id.* Based on these statements Officer Gregory Moore and Officer Tim Hanna arrested Lorenz and took him to Kootenai County Jail. *Id.*

Lorenz remained in Kootenai County Jail from the time of his arrest until July 13, 2009, when the Kootenai County Assistant Prosecutor moved to dismiss the charges against him. *Id.* at 6. Ms. Lorenz eventually recanted her story. *Id.* Lorenz remained in jail for that period of time because he did not post bail. (Compl. at 3.)

On August 21, 2009, Lorenz filed his Complaint and Demand for Jury Trial in the United States District Court for the District of Idaho. *Id.* Lorenz alleges four counts:

> Count I: 42 U.S.C. § 1983 Action for Deprivation of Civil Rights, which alleges that Lorenz was unlawfully arrested, maliciously prosecuted and unlawfully incarcerated.
>
> Count II: 42 U.S.C. § 1985 Action for Conspiracy to Interfere with Civil Rights, which alleges that there was a conspiracy among the Defendants to deprive Lorenz of his constitutional rights.
>
> (There is no Count III)
>
> Count IV: 42 U.S.C. § 1983 Failure to Adequately Train & Supervise Police Officers, which alleges that the City of Coeur d'Alene is liable for the actions of its officers.

Count V: 42 U.S.C. § 1983 Negligent Hiring, Retention and Failure to Discipline or Take Necessary Corrective Action, which alleges the same as Count IV.

On April 16, 2010, the Defendants moved for summary judgment on all counts.

**STANDARD OF REVIEW**

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a completely failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.[1]

---

[1] *See also,* Rule 56(3) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that is a genuine issue for trial. If the adverse party does not so respond,

**ORDER - 4**

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. V. San Francisco Automotive Indus. Welfare Fund*, 883 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

---

summary judgment, if appropriate, shall be entered against the adverse party.

**ORDER - 5**

## DISCUSSION

**1. Count I: 42 U.S.C. § 1983 Claims**

Congress has created a cause of action against private individuals who, while acting under color of law, violate the constitutional rights of private citizens. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, […] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.

*Id.* In order for a plaintiff to prevail on a § 1983 claim they must show that (1) the actor that deprived them of their rights acted under color of law and (2) the action actually deprived them of a constitutional right. In this case the first requirement is not disputed by either of the parties. Police officers carrying out their duties act under color of law. Thus it is the second requirement that is at issue here. Lorenz contends that the constitutional rights which were violated in this case are the right to be free from unlawful arrest, malicious prosecution and wrongful incarceration. Defendants assert that no rights were violated.

While § 1983 provides a cause of action against police officers for constitutional violations that they might have committed, they are also entitled to qualified immunity from § 1983 claims. Qualified immunity operates to "shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with law." *Pearson v. Callahan*, 129 S.Ct. 808 (2009). The court in *Pearson* rejected the mandatory

two-step approach that it had announced in *Saucier v. Katz*, 533 U.S. 194 (2001). *Id.* at 818. That approach had required courts to first decide if the defendant's "conduct violated a constitutional right" then decide whether the right was clearly established at the time of the alleged violation. *Saucier*, 533 U.S. at 201. Courts are now free to decide either question in whatever order is most appropriate given the circumstances.

The Court is satisfied that the rights Lorenz claims were violated are guaranteed by the federal Constitution in the Fourth and Fourteenth Amendment guarantees against unlawful seizure and due process. Any reasonable government actor would have shaped their conduct to preserve them. What is at issue here is whether those constitutional rights were violated and thus whether the officers were entitled to qualified immunity. These questions are appropriate for summary judgment since the doctrine, if applicable, confers immunity from the suit itself. *Pearson*, 129 S.Ct. at 815 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

## A. *Unlawful Arrest*

An officer will not be held to have committed a violation of a defendant's Fourth Amendment right to be free from unlawful arrest if the arrest was carried out with probable cause. *Grant v. City of Long Beach*, 315 F.3d 1081, 1089 (9th Cir. 2002) ("Courts have long held that the Fourth Amendment requires probable cause before an officer may arrest an individual.") (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). In order to assess whether probable cause exists a court must inquire "if 'at the moment the arrest was made . . . the facts and circumstances within [the officer's] knowledge and of which

[he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect had violated a criminal law." *Id.* at 1085 (quoting *Orin v. Barclay*, 272 F.2d 1207, 1218 (9th Cir. 2001)). The Ninth Circuit requires an objective standard whereby the district court is to evaluate whether "a 'reasonable officer' would have made the arrest based on the totality of the circumstances." *Id.* at 1089. This is a fact specific inquiry. As required, the Court will view all evidence in the light most favorable to the plaintiff to determine if there is a genuine issue of material fact for trial.

*(1) Attempted Rape*

Here Lorenz was arrested for attempted rape. Under Idaho law, in pertinent part: "Rape is defined as the penetration, however slight, of the oral, anal or vaginal opening with the perpetrator's penis accomplished with a female under any one (1) of the following circumstances: […] (4) Where she resists but her resistance is overcome by force or violence." Idaho Code § 18-6101. In addition, the Idaho Code provides that "[e]very person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof" is subject to punishment. Idaho Code § 18-306. In Idaho an attempt consists of: "(1) an intent to do an act […] which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." *State v. Grazian*, 164 P.3d 790, 796 (Idaho 2007) (quoting *State v. Otto*, 629 P.2d 646, 647 (1981)). In order to find probable cause to arrest Lorenz, a reasonable officer would have had to have a basis to believe that Lorenz had taken an action beyond mere preparation to penetrate Ms. Lorenz against her will and that

she resisted this attempt. This basis need not be proven accurate at a later date, the proper frame of reference is what a reasonable officer could have believed at the time the arrest was made. *Grant*, 315 F.3d at 1089.

There is no substantial disagreement over what was represented to the Defendant Officers at the time of the arrest. Ms. Lorenz stated she had gotten into an argument with Lorenz and that he had gotten drunk. (Pl.'s Separate Statement at 4.) Ms. Lorenz claims to have offered Lorenz the couch because he could not drive home, and that during the night he attempted to remove her clothing and have sexual intercourse with her. *Id.* at 5. Ms. Lorenz told the Defendant Officers that she had to fight Lorenz off, that she called 911 and then discovered a knife in Lorenz' bag. *Id.* When the Defendant Officers arrived they noticed that Ms. Lorenz, though refusing medical treatment, appeared emotional and that Lorenz was naked and intoxicated. *Id.* Based on these facts the Defendant Officers arrested Lorenz. It is clear that, on the basis of Ms. Lorenz statements, a reasonable officer could have concluded that Lorenz had taken an action beyond mere preparation to have sexual intercourse with Ms. Lorenz and that her having to fight him off constituted sufficient resistance for the purposes of the rape statute.

Lorenz does not dispute that these were the facts that were represented to the Defendant Officers. Lorenz instead argues that the officers had a duty to perform further investigation before arresting him. While police officers are allowed significant discretion in weighing the veracity of evidence offered by witnesses prior to making an arrest, they do have a duty to "investigate into the basis of the witness' report." *Fuller v. M.G.*

**ORDER - 9**

*Jewelry*, 950 F.2d 1437, 1444 (9th Cir. 1991) (citing *Merriman v. Walton*, 856 F.2d 1333, 1335 (9th Cir. 1988)). In the *Merriman* case the defendant had been arrested for kidnapping even after police had received reports that the supposed victim had returned home and the she did not want to press charges. Similarly, in *Grant v. City of Long Beach*, 315 F.3d 1081 (9th Cir. 2002), the police relied on an inexperienced tracking dog and contradictory eye-witnesses, who had claimed to be able to identify the defendant after very brief exposure under stressful circumstances, to arrest the defendant for nine rapes. The Ninth Circuit found that the police lacked probable cause in both cases.

Lorenz cites a pair of Eighth Circuit cases to support his claim that the Defendant Officers did not perform a sufficient investigation before arresting him. In *United States v. Everroad*, 704 F.2d 403 (8th Cir. 1983), the plaintiff was arrested in connection with a drug deal. The court found that the police relied on only two facts, that the plaintiff accompanied a suspect under investigation and that he was staying at a hotel room within a half-hour radius of where the suspected drug deal was to take place. *Id.* at 406. The court held that because there was "no other unlawful or suspicious conduct by any party involved", there was not probable cause to arrest. *Id.* at 407. *Everroad* is cited in passing in *United States v. Woolbright*, 831 F.2d 1390 (8th Cir. 1987), for essentially the same proposition. In that case the court did find that there was probable cause for an arrest where an overwhelming amount of evidence implicated the plaintiff in the death by overdose of a local woman. *Id.* at 1391-92. Neither case is analogous to the present situation.

Lorenz's central contention is that there was not a sufficient investigation before he was arrested. Lorenz claims that had police investigated they would have discovered that Ms. Lorenz was not a reliable witness. (Pl.'s Brief in Opp. at 6.) It is not clear what other investigation that Lorenz argues that the Defendant Officers should have undertaken. It would be unreasonable to impose a duty on police to perform a medical examination in every alleged case of rape before there is probable cause to arrest. Here, there were no witnesses other than Lorenz and Ms. Lorenz. In contrast to *Everroad*, Lorenz was not arrested for mere suspicion of being associated with a suspect but on the direct accusation of the purported victim of a crime. In essence what Lorenz is asking the Defendant Officers to have done is credit his statements more than Ms. Lorenz's. The Defendant Officers were under no duty to do so, and a reasonable officer could have concluded based on Lorenz' intoxicated state and some facts which corroborated her story (such as the knife in the backpack) that he was less reliable than Ms. Lorenz. Given the totality of the circumstances known to the officers at the time of the arrest, Lorenz has not established any genuine material facts warranting a trial to determine whether his Fourth Amendment right was violated. Viewing the facts in the light most favorable to Lorenz, the Defendant Officers had probable cause to arrest and summary judgment is appropriate on this claim.

The Defendants did not violate Lorenz's constitutional rights. Even if they had, the Defendant Officers would be entitled to qualified immunity.

### B. Malicious Prosecution

ORDER - 11

In order to prevail on a § 1983 malicious prosecution claim "a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 480, 489 (9th Cir. 1995) (alterations in original). Regardless of whether Lorenz alleges malice on the part of the Defendants or that the prosecution was for the purpose of denying him his constitutional rights, the threshold question is whether there was probable cause to initiate the prosecution. The Ninth Circuit has held that "probable cause is an absolute defense to malicious prosecution." *Id.* at 1054. It is not dispositive for probable cause that the prosecution in question ended in Lorenz's favor. *Freeman*, 68 F.3d at 1189 ("[T]he mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause."). In Idaho it is a question of law whether probable cause existed when, as here, the facts surrounding the investigation before filing and pursuing the lawsuit are undisputed. *Shannahan v. Gigray*, 962 P.2d 1046, 1051 (Idaho 1998).

While Lorenz disputes the veracity of Ms. Lorenz's statements, the actual circumstances of the arrests and the facts known to the Defendant Officers at the time the arrests were made are not disputed. In *Lassiter*, the Ninth Circuit found that a prosecutor relying on signed statements by police officers who had had probable cause to arrest the defendant was entitled to qualified immunity because those signed statements created sufficient probable cause to initiate the proceedings. *Lassiter*, 556 F.3d at 1054. Similarly,

**ORDER - 12**

once the Court has found that the officers in this case had probable cause to arrest Lorenz, then it necessarily follows that a prosecution stemming from those arrests had probable cause as well. Lorenz's argument explicitly relies on the arrests which gave rise to the prosecution being unlawful. (Pl.'s Brief in Opp. at 8.) Because the Court has found probable cause exists for both the arrest and prosecution. No constitutional right was violated. Therefore it is not necessary to address the other elements of a malicious prosecution action.

The Defendants have established the absence of any genuine issue of material fact that would preclude the Court from finding as a matter of law in favor of the Defendants on this claim. Viewing the facts in the light most favorable to Lorenz, the Defendants had probable cause to initiate the prosecution against him and summary judgment is appropriate on this claim.

## C. Wrongful Incarceration

The Ninth Circuit has noted that the "Supreme Court has recognized that an individual has a liberty interest in being free from incarceration absent a criminal conviction." *Oviatt v. Pearce*, 954 F.2d 1470, 1473 (1992) (citing *Baker v. McCollan*, 443 U.S. 137 (1979)). This liberty interest stems from "the Fourteenth Amendment's protection against deprivations of liberty without due process of law." *Baker*, 443 U.S. at 142. Lorenz contends that his detention in the Kootenai County Jail constituted a

constitutional violation of this liberty interest because his arrest was invalid and he was ultimately released when the charges against him were dropped.[2]

Even though the Court has found that there was probable cause to arrest Lorenz this does not end the inquiry. The Ninth Circuit found that "even detention pursuant to a valid warrant but in the face of repeated protests of innocence will, after a lapse of time, deprive the accused of a constitutional liberty." *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002). In *Fairley* a man was arrested on a warrant issued for his twin brother and spent twelve days in jail. *Id.* at 915. Similarly, in *Baker*, a man was arrested on an outstanding warrant for his brother who had claimed to be him on his driver's license and other documents. *Baker*, 443 U.S. at 141. The Ninth Circuit also found liability for wrongful incarceration where a man had been mistakenly dropped from the arraignment docket which significantly extended his time in jail. *Oviatt*, 954 F.2d at 1472. Here Lorenz does not contend that he was subject to a case of mistaken identity or that a procedural failure caused him to be incarcerated without due process. Lorenz essentially contends that because the charges against him were ultimately dropped and because there was no probable cause for the arrest that his incarceration was wrongful. (Compl. at 3.) From the record it appears that the only thing preventing Lorenz from being released from prison was his inability to post bail. *Id.*

---

[2] The Court recognizes that Kootenai County is not a named party in this lawsuit and notes that the Defendants pointed this out in their briefing. (Mem. in Supp. at 8-9.) The record is not sufficiently developed to indicate who had control over Lorenz' custody, and the Court notes that the Motion to Dismiss the charges against Lorenz were filed by the Kootenai County Deputy Prosecutor. (Aff. of Larry D. Purviance in Opp. to Defs.' Mot. for Summ. J. at Ex. B, Dkt. 27.) Defendants have not, however, indicated that they were not the prosecuting party. In light of this uncertainty, the Court will nevertheless address Lorenz' claim on the merits.

**ORDER - 14**

Lorenz cannot state a cause of action for wrongful incarceration because he cannot point to any right or due process that was violated. In *Oviatt*, the Ninth Circuit noted that the liberty interest that may be compromised by wrongful incarceration can arise from the federal constitution or from state law, and in that case Oregon had a law which placed a sixty day limit on pre-trial detention. *Oviatt*, 954 F.2d at 1475. There is no such law in Idaho, and Lorenz has not pointed to any federal source for what amounts to a right for a rehearing on the merits of his detention before trial. The Supreme Court explicitly rejected such a right in *Baker v. McCollan*, 443 U.S. 137 (1979). There the Court held that "since the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate [judge] or a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Id.* at 143. While the Supreme Court held that the *Baker* plaintiff's innocence would be relevant for a tort proceeding for false imprisonment, it "is largely irrelevant to his claim of deprivation of liberty without due process of law." *Id.* at 146. Lorenz may have an argument that his detention was overlong, but he cannot claim a constitutional violation based on the fact of his imprisonment and resulting dismissal of his charges. As the Court in *Baker* noted, this is more properly a speedy trial claim which is not raised here. *Id.* at 144.

Because Lorenz has not established a right which was violated by the Defendants, there is no genuine issue of material fact that would warrant trial on this claim. In

addition, because Lorenz has failed to establish any constitutional violation, the Defendant Officers are entitled to qualified immunity from suit.

**2. Count II: 42 U.S.C. § 1985 Conspiracy Claims**

Even if no violation of a plaintiff's constitutional rights can be shown, Congress has created a § 1985 cause of action to punish conspiracies to deprive those rights. Subsection (3) of the statute provides that there shall be liability where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985 (3). There are multiple subsections of § 1985 and Lorenz fails to specify which section his claim falls under. Subsection (3) is the most likely, however, since subsection (1) is designed to allow government officers to perform their duties and subsection (2) is designed to protect parties, witnesses and jurors from intimidation. Neither is at issue in this case. The Supreme Court has interpreted § 1985 such that "the language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Griffon v. Breckenridge*, 403 U.S. 88, 102 (1971). In their motion for summary judgment, Defendants point out that Lorenz is not a member of a protected class for the purposes of equal protection. Lorenz contends that there is discriminatory intent on the basis of his gender and himself as a class of one.

Lorenz cites *Craig v. Boren*, 429 U.S. 190 (1976) and *Miss. Univ. for Women v. Hogan*, 458 U.S. 718 (1982), for the proposition that gender classifications must pass an intermediate scrutiny test in order to be constitutional. While this is certainly true, Lorenz has provided no evidence of a gender based classification. In those cases cited by Lorenz, there were explicit statutory and policy based gender classifications against men. While it is true that only men can commit the crime of rape in Idaho, courts have routinely upheld "rape statutes which are not gender neutral […] as not violating equal protection rights." *United States v. Davis*, 785 F.2d 610, 614 (8th Cir. 1986) (citing *Country v. Parratt*, 684 F.2d 588, 593 (8th Cir. 1982) (holding that there are unique harms to a female that would justify a rape statute which is not gender neutral). Lorenz has provided no evidence or allegation beyond his own arrest that the Idaho statutes were applied here with a disparate impact, or that such impact is a result of discriminatory intent as required to show a violation of equal protection. *Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995).

Lorenz further contends that even if he is not found to be a member of a protected class that he may be found to be part of a class of one for the purposes of equal protection. This concept was recently recognized by the Supreme Court which found that "our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000) (citations omitted). The Ninth Circuit, however, has indicated that such actions are disfavored because they threaten to "provide

a federal cause of action for review of almost every executive or administrative government decision." *Engquist v. Or. Dept. of Agric.*, 478 F.3d 985, 993 (9th Cir. 2007) (discussing a case alleging employment discrimination by the government). In this case, Lorenz has failed to provide any evidence that he has been treated differently from others who are similarly situated. Lorenz has shown no evidence of how others accused of attempted rape have been treated, and how his treatment differs from theirs. As such, Lorenz has not met his burden in establishing that he is a member of a class of one.

Because Lorenz cannot demonstrate as a matter of law that he is a member of any class protected by § 1985, there are no genuine issues of material fact for trial based on this claim and summary judgment should be granted.

### 3. Counts IV and V: Municipal Liability

Lorenz seeks damages against the Chief of Police Longo and the City of Coeur d'Alene. The Supreme Court has held in *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978) that "local governing bodies […] can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where […] the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decisions officially adopted and promulgated by that body's officers." *Id.* at 690. The Court made clear that "a municipality cannot be held liable *solely* because it employs a tortfeasor." *Id.* at 691 (emphasis in original). The burden is on Lorenz to show a policy or custom on the part of the City of Coeur d'Alene, which can be proven by the municipality's negligence in training or failure to respond to constitutional violations.

ORDER - 18

*Gilette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992). The Defendants have appropriately pointed to a lack of such evidence.

Where there is no violation by a city's police officers, however, there can be no municipal liability. The Supreme Court has held that no principle "authorizes the award of damages against a municipal corporation when […] the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). This rule applies regardless of what the municipality's policies actually are. *Id*. ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.") (emphasis in original). Because the Court has already concluded that no constitutional injury was suffered by Lorenz in connection with any of his claims, it is proper for the Court to conclude that the municipal defendants are entitled to immunity.

## CONCLUSION

There was probable cause to arrest Lorenz because of the direct statements of the purported victim and the lack of other witnesses. Because there was probable cause to arrest Lorenz there are no genuine material facts that would support a claim for malicious prosecution. Lorenz also cannot sustain a claim for wrongful incarceration because he has failed to identify any right to have his detention reviewed before trial. Having found this, the Court is satisfied that the Defendant Officers are entitled to qualified immunity from suit. Further, because Lorenz is not a member of a protected class he has failed to state a

claim for § 1985 conspiracy to deprive him of his constitutional rights. Finally, the municipal defendants are entitled to immunity from the suit.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion for Summary Judgment (Dkt. No. 18) is **GRANTED** and the case is dismissed in its **ENTIRETY**.

DATED: **July 30, 2010**

Honorable Edward J. Lodge
U. S. District Judge